In the Matter of the Liquidation of NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, Additional Special Term, New York County, May 22, 1939.

*William Shea* [*Vivienne M. Camps* of counsel], for the Superintendent of Insurance of the State of New York, for the motion.

*Simpson, Thacher & Bartlett* [*Horace J. McAfee* of counsel], for Series N-88 and the City Bank Farmers Trust Company, opposed.

*Davies, Auerbach, Cornell & Hardy* [*Ralph C. Williams* of counsel], for the Irving Trust Company, opposed.

FRANKENTHALER, J. Only two claimants have interposed objections to the granting of the present motion to confirm the report of the referee appointed to pass upon trust claims.

The City Bank Farmers Trust Company objects to the disallowance of items aggregating $33,994.88 on the ground that these sums were wrongfully recouped by the title company at a time when taxes were in arrears. The moneys in question were not received by the title company by virtue of an assignment of rents, nor did they represent actual rents received from the mortgaged property. On the contrary, the moneys were advanced by a syndicate interested in the property. The payments were made without any instruction that they were to be used, in the first instance, to pay arrears of taxes. The title company was left free to decide for itself the order in which arrears of taxes, water charges, principal amortization, and interest were to be met from the funds above referred to. The fact that the title company possessed this discretion as to how to apply the money received by it is insufficient in itself to justify a holding that it violated its fiduciary obligations to the certificate holders when it used the funds to reimburse itself for previous interest advances, instead of for the purpose of eliminating arrears of taxes. (*Matter of New York Title & Mortgage Company* [*Series F-1*], 163 Misc. 383.)

The objection of the City Bank Farmers Trust Company to the confirmation of the report is accordingly overruled.

The other objection to the report is that of the Irving Trust Company. In view of the express provisions of the order of reference, the Superintendent's records, upon which the referee relied for his finding against the claimant, were properly in evidence. On the basis of these records, there was ample justification for the finding of the referee that the owner of the property had agreed with the title company that the payments, which the claimant

contends should have been used to meet tax arrears, were to be applied in liquidation of interest arrears. It is not entirely clear, however, that the claimant was apprised or was aware that the liquidator was relying upon said records to defeat the claim. In the circumstances, the claimant will be given an opportunity, should it desire it, to reopen the hearing of its claim for the purpose of examination in regard to the records above referred to, and for the further purpose of offering evidence in rebuttal. The motion to confirm the report as to the claim will accordingly be granted, unless the claimant, within ten days from the service of a copy of the order to be entered hereon with notice of entry, files a written election to reopen the hearing of this claim for the purposes above specified, in which event the matter will be remitted to the referee.

In other respects the motion to confirm, and for additional relief, is granted. Settle order.